# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| GLEN PLOURDE, | ) | |
| | ) | |
| Plaintiff | ) | |
| v. | ) | 1:20-cv-00043-JAW |
| | ) | |
| NORTHERN LIGHT ACADIA, | ) | |
| HOSPITAL, et al., | ) | |
| | ) | |
| Defendants | ) | |

## RECOMMENDED DECISION AFTER REVIEW
## OF PLAINTIFF'S COMPLAINT

In his complaint, Plaintiff alleges Defendants violated his constitutionally protected rights and negligently provided medical care to him while he was a patient at Acadia Hospital in 2017. (Complaint, ECF No. 1.)

Plaintiff filed an application to proceed in forma pauperis (Motion, ECF No. 5), which application the Court granted. (Order, ECF No. 6.) In accordance with the in forma pauperis statute, a preliminary review of Plaintiff's complaint is appropriate. 28 U.S.C. § 1915(e)(2).

Following a review of Plaintiff's complaint, I recommend the Court dismiss Plaintiff's complaint without prejudice.

## STANDARD OF REVIEW

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted

2

unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton,* 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen,* 511 U.S. at 377 (citation omitted). "A court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011). A review of Plaintiff's complaint fails to reveal a basis upon which this Court could exercise either federal question jurisdiction or diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332.

Pursuant to § 1331, federal district courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. The Court's jurisdiction over any possible federal claim based on a constitutional deprivation would be governed by 42 U.S.C. § 1983.[1] Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the

---

[1] Plaintiff alleges that he asserts one of his federal claim (Count I) pursuant to 42 U.S.C. § 1983. (Complaint at 9.)

3

> United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured ....

As the plain language of § 1983 reflects, a claim for the deprivation of a constitutional right must be based on the conduct of a state actor. In this case, Plaintiff's alleged claims are against a private hospital and its employees or agents. Plaintiff has not alleged a claim against a governmental actor. Plaintiff, therefore, has not asserted an actionable federal claim under § 1983 and thus has not asserted a claim within the Court's federal question jurisdiction.

Pursuant to section 1332, federal district courts also have original jurisdiction "where the matter in controversy exceeds the sum or value of $75,000 … and is between citizens of different States." 28 U.S.C. § 1332(a)(1). Where diversity jurisdiction is established, a plaintiff may assert state law claims in federal district court. To the extent Plaintiff has asserted a state law claim, for Plaintiff's state law claim to come within this Court's diversity jurisdiction, Plaintiff and all the defendants must have been citizens of different states on the date the complaint was filed. *Aponte–Dávila v. Municipality of Caguas*, 828 F.3d 40, 46 (1st Cir. 2016) ("[d]iversity must be complete").

In his complaint, Plaintiff included a Newburgh, Maine, address as his residence. (Complaint at 1.) Plaintiff contends the Court has diversity jurisdiction because some of the defendants are "traveling nurses" and thus are residents of the District of Maine. (Complaint at 2.) First, Plaintiff lists Bangor, Maine, as the address of each of the individual defendants. As alleged, therefore, all parties to the case are residents of Maine. Regardless of the

residence of the individual defendants, however, the Court does not have diversity jurisdiction over the matter. As mentioned above, diversity must be complete. That is, for the Court to have jurisdiction over the matter, because Plaintiff is a Maine resident, all the defendants must be residents of a state other than Maine. Plaintiff alleges a claim against a Maine hospital, and thus has failed to assert a claim between citizens of different states. Accordingly, Plaintiff has failed to assert a claim within the Court's diversity jurisdiction.

## CONCLUSION

While Plaintiff might have asserted a state law claim against the defendants that he could pursue in state court, Plaintiff has not asserted an actionable claim within this Court's jurisdiction. Accordingly, after a review of Plaintiff's complaint pursuant to 28 U.S.C. § 1915(e)(2),[2] I recommend the Court dismiss Plaintiff's complaint without prejudice.

## **NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

---

[2] Plaintiff asks the Court to defer conducting the preliminary review to permit him time to amend his complaint. (Complaint at 3.) Because 28 U.S.C. § 1915(3)(2) provides that the Court "shall dismiss" the case if it appears the action fails to state an actionable claim, a preliminary review of the complaint is appropriate. In addition, as mentioned above, "[a] court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.,* 644 F.3d 62, 67 (1st Cir. 2011). If Plaintiff believes he can adequately address the identified deficiencies in the complaint to assert a claim within this Court's subject matter jurisdiction, Plaintiff can seek to amend his complaint within the time allowed for objections (i.e., fourteen days) to this recommended decision.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 13th day of February, 2020.