UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GLEN PLOURDE, | ) |
| | ) |
|     Plaintiff | ) |
| v. | )   1:20-cv-00043-JAW |
| | ) |
| NORTHERN LIGHT ACADIA, | ) |
| HOSPITAL, et al., | ) |
| | ) |
|     Defendants | ) |

**SUPPLEMENTAL RECOMMENDED DECISION AFTER REVIEW
OF PLAINTIFF'S AMENDED COMPLAINT**

Plaintiff seeks relief for alleged violations of his constitutionally protected rights and negligently provided medical care while he received allegedly involuntary medical care at Acadia Hospital in 2017. (Complaint, ECF No. 1.) After I recommended the Court dismiss Plaintiff's original complaint for lack of subject matter jurisdiction, (Recommended Decision, ECF No. 7), Plaintiff filed an amended complaint. (Amended Complaint, ECF No. 10.)

Following a review of Plaintiff's amended complaint, I recommend the Court dismiss the amended complaint.

**STANDARD OF REVIEW**

The federal in forma pauperis statute, 28 U.S.C. § 1915, is designed to ensure meaningful access to the federal courts for those persons unable to pay the costs of bringing an action. When a party is proceeding in forma pauperis, however, "the court shall dismiss the case at any time if the court determines," inter alia, that the action is "frivolous or

1

malicious" or "fails to state a claim on which relief may be granted" or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). "Dismissals [under § 1915] are often made sua sponte prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints." *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom. *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011). A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), this is "not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim, *Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980). To allege a civil action in federal court, it is not enough for a plaintiff merely to allege that a defendant acted unlawfully; a plaintiff must affirmatively allege facts that identify the manner by which the defendant subjected the plaintiff to a harm for which the law affords a remedy. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## DISCUSSION

A review of Plaintiff's original complaint failed to reveal a basis upon which this Court could exercise either federal question jurisdiction or diversity jurisdiction under 28 U.S.C. §§ 1331 and 1332. (Recommended Decision, ECF No. 7.) Because the named defendants were private medical providers, they were not state actors as required under 42 U.S.C. § 1983, which meant that Plaintiff did not assert any claims within the Court's federal question subject matter jurisdiction. (*Id.* at 3–4); *see also*, *Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 4–9 (1st Cir. 2005) (private involuntary medical providers authorized by Puerto Rico statutes are not state actors); *Rockwell v. Cape Cod Hosp.*, 26 F.3d 254, 256 (1st Cir. 1994) (private involuntary medical providers authorized by Massachusetts statutes are not state actors). Because Plaintiff and many of the named defendants are alleged to be domiciled in Maine, Plaintiff did not assert any state law claims within the Court's diversity of citizenship subject matter jurisdiction. (Recommended Decision at 4–5.)

The amended complaint includes additional allegations of harassment by other medical staff members and patients, and Plaintiff named several "Unknown Maine State Crisis Team Member[s]" as defendants. (*See e.g.*, Amended Complaint at 3–4, 20–25, ECF No. 10.) Because the record does not establish that individuals whom Plaintiff identifies as crisis team members are state employees, (*see* Exhibits, ECF Nos. 10-3, 10-4, 10-5, 10-6, 10-7, 10-8, 10-9), and because Plaintiff only asserts that the crisis team members have a contract with a state government agency, (*id.* at 4 – 5), the amended

complaint fails to plausibly name any state actors that could sustain a § 1983 claim. *See e.g.,*, *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982) (without more, "[a]cts of . . . private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts" to provide certain services like building infrastructure); *Santiago v. Puerto Rico*, 655 F.3d 61, 68 (1st Cir. 2011) ("The mere fact that they entered into a contract with the Department to transport public school students does not alter their status").

Because the only federal claims in the amended complaint are § 1983 civil rights claims, and because the alleged conduct was by private individuals, not state actors, Plaintiff has failed to assert a claim within the Court's federal question subject matter jurisdiction. In addition, because the named defendants include persons domiciled in the same state as Plaintiff—Maine— Plaintiff has failed to assert a claim within the Court's diversity of citizenship jurisdiction. Plaintiff also does not invoke any other specific grant of jurisdiction. Accordingly, the Court lacks subject matter jurisdiction over the claims in Plaintiff's amended complaint. Dismissal of the amended complaint, therefore, is warranted.

## CONCLUSION

While Plaintiff might have asserted a state law claim against the defendants that he could pursue in state court, Plaintiff has not asserted an actionable claim within this Court's jurisdiction. Accordingly, after a review of Plaintiff's amended complaint pursuant to 28

U.S.C. § 1915(e)(2), I recommend the Court dismiss Plaintiff's amended complaint without prejudice.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.

Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court's order.

/s/ John C. Nivison  
U.S. Magistrate Judge

Dated this 25th day of June, 2020.