UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GLEN PLOURDE, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| v. | ) 1:20-cv-00043-JAW |
| | ) |
| NORTHERN LIGHT ACADIA | ) |
| HOSPITAL, et al., | ) |
| | ) |
| Defendants | ) |

**ORDER ON MOTION FOR LEAVE TO AMEND COMPLAINT**

After review of Plaintiff's complaint in accordance with 28 U.S.C. § 1915(e)(2), I recommended the Court dismiss Plaintiff's complaint based on Plaintiff's failure to allege an actionable claim within the Court's jurisdiction. (Recommended Decision, ECF No. 7.) Plaintiff subsequently moved to amend his complaint;[1] the Court granted the motion and informed Plaintiff that "[t]he Court will review the amended complaint in accordance with 28 U.S.C. section 1915." (Order, ECF No. 11.)

Following a review of the amended complaint (Amended Complaint, ECF No. 10), I concluded that despite the amendments, Plaintiff did not assert a claim within the Court's jurisdiction; I recommended the Court dismiss the amended complaint. (Supplemental Recommended Decision, ECF No. 20.)  Plaintiff filed an objection to the recommended decision and another motion to amend his complaint. (Objection, ECF No. 22; Motion,

---

[1] Plaintiff also filed an objection to the recommended decision. (Objection, ECF No. 8.)

ECF No. 23.)  After review of Plaintiff's motion, the proposed amended complaint, and the record, I deny the motion.

## FACTUAL BACKGROUND

As with his original complaint and first amended complaint, in his proposed amended complaint, Plaintiff alleges that he was unlawfully held at Defendant Northern Light Acadia Hospital in early 2017.  In the Recommended Decision and the Supplemental Recommended Decision, I explained that although Plaintiff might have asserted a state law claim, he did not allege a claim within this Court's subject matter jurisdiction.

In his first amended complaint, Plaintiff joined individuals whom he identified as "Unknown Maine State Crisis Team Members."  Plaintiff alleged the team members were state actors who refused to release him from the hospital.  In the Recommended Decision, I determined that the alleged facts and exhibits filed by Plaintiff failed to establish that the members of the "Maine State Crisis Team" were state actors.

In another attempt to address the jurisdictional deficiency, in his proposed amended complaint, Plaintiff alleges:

> The Maine State Crises Team is comprised of workers contracted specifically by the State of Maine, specifically the Department of Health and Human Services, to perform the specific job functions of performing a "crisis assessment upon admission', as well as recommending how long a patient should remain hospitalized, as well as constantly monitoring a patient and providing updated assessments of treatments and revised hospitalization scheduled for (in lieu) of The State of Maine.
>
> The Fact that The Maine State Crisis Team is contracted by The State of Maine to perform the specific job functions for The State of Maine was stated [in the preceding paragraph] is public knowledge, and the Plaintiff asserts that these individuals were therefore acting as State Actors in all their interactions with the Plaintiff at both Redington-Fairview Hospital as well as Northern Light

Acadia Hospital. Specifically, The Maine State Crisis Team passes both the Nexus/Joint Action Test and the Public Function test described in *Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F. 3d 1, 5 (1st Cir. 2005).

(Proposed Amended Complaint ¶¶ 21, 22).

## LEGAL STANDARD

Rule 15(a)(1) of the Federal Rules of Civil Procedure permits a litigant to amend a pleading "once as a matter of course," subject to certain time constraints. Thereafter, leave of court is required in order to amend the complaint. Fed. R. Civ. P. 15(a)(2). In such a case, the court is to grant leave to amend "freely" when "justice so requires." *Id.* "Reasons for denying leave include undue delay in filing the motion, bad faith or dilatory motive, repeated failure to cure deficiencies, undue prejudice to the opposing party, and futility of amendment." *U.S. ex rel. Gagne v. City of Worcester*, 565 F.3d 40, 48 (1st Cir. 2009); *see also Foman v. Davis,* 371 U.S. 178, 182 (1962).

A "futile" amendment is one that "would fail to state a claim upon which relief could be granted." *Glassman v. Computervision Corp.*, 90 F.3d 617, 623 (1st Cir. 1996). In other words, "if the proposed amendment would be futile because, as thus amended, the complaint still fails to state a claim, the district court acts within its discretion in denying the motion to amend." *Boston & Me. Corp. v. Hampton,* 987 F.2d 855, 868 (1st Cir. 1993).

A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). In considering the sufficiency of a complaint, it is appropriate for the court to review not only a plaintiff's allegations, but also facts "gleaned from documents incorporated by reference into the complaint, matters of public

record, and facts susceptible to judicial notice." *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011).

## DISCUSSION

Contrary to Plaintiff's assertions, that the "Maine Crisis Team Members" contracted with the state of Maine to provide services to individuals in crisis, including in connection with a hospitalization, and that the Team Members' services were known to the public do not transform the Team Members into state actors. *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982) (without more, "[a]cts of . . . private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts" to provide certain services like building infrastructure); *Santiago v. Puerto Rico*, 655 F.3d 61, 68 (1st Cir. 2011) ("The mere fact that they entered into a contract with the Department to transport public school students does not alter their status"). *Rendell-Baker v. Kohn*, 457 U.S. 830, 841 (1982) (without more, "[a]cts of . . . private contractors do not become acts of the government by reason of their significant or even total engagement in performing public contracts" to provide certain services like building infrastructure); *Santiago v. Puerto Rico*, 655 F.3d 61, 68 (1st Cir. 2011) ("The mere fact that they entered into a contract with the Department to transport public school students does not alter their status"); *Estades-Negroni v. CPC Hosp. San Juan Capestrano*, 412 F.3d 1, 4–9 (1st Cir. 2005) (private involuntary medical providers authorized by Puerto Rico statutes are not state actors); *Rockwell v. Cape Cod Hosp.*, 26 F.3d 254, 256 (1st Cir. 1994) (private involuntary medical providers authorized by Massachusetts statutes are not state actors). Plaintiff's proposed amended complaint reiterates that the Team Members "contracted"

with the state of Maine to provide certain services. Furthermore, as explained in the Supplemental Recommendation, "the record does not establish that individuals whom Plaintiff identifies as crisis team members are state employees. (*see* Exhibits, ECF Nos. 10-3, 10-4, 10-5, 10-6, 10-7, 10-8, 10-9)." (Supplemental Recommended Decision at 3.)

In sum, the allegations in the proposed amended complaint do not include facts necessary to support a determination that the Maine State Crisis Team Members are state actors. Accordingly, the proposed amendment would be futile.

## CONCLUSION

Based on the foregoing analysis, because Plaintiff's proposed amendment would be futile, Plaintiff's motion to amend is denied.

## **NOTICE**

Any objections to this Order shall be filed in accordance with Federal Rule of Civil Procedure 72.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 21st day of October, 2020.