UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| GLEN PLOURDE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   1:20-cv-00043-JAW |
| | ) |
| NORTHERN LIGHT ACADIA | ) |
| HOSPITAL, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER AFFIRMING RECOMMENDED DECISION DISMISSING PLAINTIFF'S COMPLAINT AND DENYING MOTION FOR LEAVE TO AMEND COMPLAINT**

An individual objects to the Magistrate Judge's recommended decision to dismiss his complaint for lack of subject matter jurisdiction. The individual also objects to the Magistrate Judge's order denying his motion for leave to file an amended complaint. The Court analyzes the individual's contentions and rejects them as unsupported by the record or incorrect on the law.

**I.   BACKGROUND**

On February 7, 2020, Glen Plourde filed a pro se complaint against Northern Light Acadia Hospital (Acadia Hospital) in Bangor, Maine, and three Acadia Hospital employees—Charmaine Patel, a psychiatrist, Anthony Ng, the lead psychiatrist, and Warren Black, a nurse practitioner specialist—in connection with treatment he received from Acadia Hospital in January 2017. *Compl.* (ECF No. 1). He argues Acadia Hospital held him against his will and coerced him into receiving treatment, which he believes was done "at the behest of the Federal Government and/or the FBI

in order to undermine his Factual Claims of the Torture that he has endured in 2012 – 2013." *Id.* ¶¶ 11-87. He asserted claims under 42 U.S.C. § 1983, alleging violation of his Fourth Amendment Rights, as well as various state law claims. *Id.* ¶¶ 88-95. He applied to proceed in forma pauperis, *Appl. to Proceed in District Court Without Prepaying Fees or Costs* (ECF No. 5), which the Court granted. *Order Granting Mot. for Leave to Proceed In Forma Pauperis* (ECF No. 6).

The Magistrate Judge conducted a preliminary review of the complaint under 28 U.S.C. § 1915(e)(2), and on February 13, 2020 issued a recommended decision, recommending the Court dismiss Mr. Plourde's complaint without prejudice for lack of subject matter jurisdiction. *Recommended Decision After Review of Pl.'s Compl.* (ECF No. 7) (*Recommended Decision*). The Magistrate Judge concluded that a § 1983 claim must be based on the conduct of a state actor, but Mr. Plourde's alleged claims are against a private hospital and its employees or agents, and therefore Mr. Plourde has not asserted an actionable § 1983 claim within the Court's federal question jurisdiction.[1] *Id.* at 4. On February 27, 2020, Mr. Plourde objected. *Obj. and Mem. to Recommended Decision* (ECF No. 8) (*Obj. to Recommended Decision*).

That same day, Mr. Plourde moved for leave to amend his complaint, *Mot. for Leave to Amend Compl. Pursuant to Federal Rule of Civil Procedure 15(a)(2)* (ECF No. 9), and filed his amended complaint. *Am. Compl.* (ECF No. 10). The Amended Complaint added two additional Acadia Hospital defendants—Jennifer Salisbury, a

---

[1] Mr. Plourde does not argue diversity jurisdiction exists, and thus his complaint relies on federal question jurisdiction. *See Obj. to Suppl. Recommended Decision* at 1 ("[Mr. Plourde] agrees that he has not asserted a claim within The Court's diversity of citizenship jurisdiction, nor did he intend to").

2

psychiatrist, and Mary Myshrall, a patient advocate—as well as five unnamed "Maine State Crisis Team Members." *Id.* The Court granted the motion for leave to amend. *Order Granting Mot. for Leave to File Am. Compl.* (ECF No. 11). On May 4, 2020, Mr. Plourde moved to compel the identification of the unnamed Maine State Crisis Team Members, *Mot. to Compel the Identification of Defs. Named in 1:20-cv-00043-JAW* (ECF No. 13), which the Magistrate Judge denied because "the court rules do not require a potential defendant to provide [Mr. Plourde] with information at this stage of the proceedings." *Order Denying Mot. to Compel Identification of Defs.* (ECF No. 14).

On June 25, 2020, following a 28 U.S.C. § 1915(e)(2) review of Mr. Plourde's amended complaint, the Magistrate Judge issued a supplemental recommended decision, recommending the Court dismiss the Amended Complaint without prejudice due to lack of subject matter jurisdiction because Mr. Plourde had still not sufficiently alleged that the Maine State Crisis Team Members were state actors. *Suppl. Recommended Decision After Review of Pl.'s Am. Compl.* (ECF No. 20) (*Suppl. Recommended Decision*). Mr. Plourde filed his objection on July 10, 2020. *Obj. and Mem. to Recommended Decision* (ECF No. 22) (*Obj. to Suppl. Recommended Decision*).

On July 10, 2020, Mr. Plourde also moved for leave to file another amended complaint. *Mot. for Leave to Amend Compl. Pursuant to Federal Rule of Civil Procedure 15(a)(2)* (ECF No. 23). On October 21, 2020, the Magistrate Judge denied the motion because the allegations in the proposed amended complaint would not fix Mr. Plourde's subject matter jurisdiction deficiency, and thus an amendment would

3

be futile. *Order on Mot. for Leave to Amend Compl.* (ECF No. 24). Mr. Plourde objected to the order on November 9, 2020. *Objs. to 10/21/20 Order Denying Leave to Amend Compl.* (ECF No. 26) (*Obj. to Order on Mot. for Leave*). That same day, Mr. Plourde moved once more for leave to file an amended complaint. *Mot. for Leave to Amend Compl. Pursuant to Federal Rule of Civil Procedure 15(a)(2)* (ECF No. 27) (*Mot. for Leave*).

## II.   DISCUSSION

Mr. Plourde's objections to the Magistrate Judge's recommended decisions and order denying his motion for leave to amend complaint largely reiterate arguments made before—and rejected by—the Magistrate Judge. Because the Court agrees with the Magistrate Judge's analysis of those issues, the Court does not address those portions of the objections. However, Mr. Plourde claims that the Magistrate Judge's refusal to allow him to amend his complaint is "clearly unfair and unjust" because the Magistrate Judge reviewed his complaint pursuant to 28 U.S.C. § 1915(e)(2), despite Mr. Plourde's insistence that the complaint was not finished and would need to be amended. *Obj. to Order on Mot. for Leave* at 5-6; *Mot. for Leave* ¶ 5. *See Compl.* ¶ 11.

Mr. Plourde's objection is misplaced. Under 28 U.S.C. § 1915(e)(2), a court "shall dismiss the case at any time" if the court determines that the action fails to state an actionable claim. Furthermore, "[a] court is duty-bound to notice, and act upon, defects in its subject matter jurisdiction sua sponte." *Spooner v. EEN, Inc.*, 644 F.3d 62, 67 (1st Cir. 2011). The Magistrate Judge is not bound by Mr. Plourde's

request that the Magistrate Judge refrain from reviewing his complaint until Mr. Plourde is ready. Still, notwithstanding the Magistrate Judge's recommendation that the Court dismiss Mr. Plourde's complaint, the Magistrate Judge allowed Mr. Plourde to amend his complaint if he "believe[d] that he [could] adequately address the identified deficiencies in the complaint to assert a claim within this Court's subject matter jurisdiction." *Recommended Decision* at 5 n.2. Mr. Plourde had the opportunity to amend his complaint to satisfy the subject matter jurisdiction requirement, but he has failed to do so, and thus he has not been "cheated" nor is the Magistrate Judge's recommended dismissal "clearly unfair and unjust."

Mr. Plourde's most recent motion for leave to amend his complaint still fails to address the lack of subject matter jurisdiction. The only difference between this motion for leave and his previous one is that he "has removed Exhibits A, B and C as these exhibits have all been used by [the Magistrate Judge] to recommend a finding of a '*Denton-Dismissal*.'" *Mot. for Leave* ¶ 4. However, the Magistrate Judge has not recommended dismissal based on *Denton v. Hernandez*, 504 U.S. 25 (1992) but rather due to lack of subject matter jurisdiction—specifically, the Magistrate Judge concluded that Mr. Plourde has not sufficiently alleged that members of the "Maine State Crisis Team" are state actors and therefore he has not asserted an actionable § 1983 claim within the Court's federal question jurisdiction. *Recommended Decision* at 4; *Suppl. Recommended Decision* at 3-4; *Order on Mot. for Leave* at 4-5. Mr. Plourde's proposed amended complaint has not alleged anything new to change

5

the Court's conclusion, and thus the Court concludes this motion to amend the complaint is futile.

### III. CONCLUSION

The Court has reviewed and considered the Magistrate Judge's Recommended Decision, Supplemental Recommended Decision, and Order on Motion for Leave to Amend Complaint, together with the entire record.  The Court has made a de novo determination of all matters adjudicated by the Magistrate Judge.  The Court concurs with the recommendations of the United States Magistrate Judge for the reasons set forth in his Recommended Decision, Supplemental Recommended Decision, and Order on Motion for Leave to Amend Complaint and determines no further proceedings are necessary.

Accordingly, it is ORDERED that the Recommended Decision and Supplemental Recommended Decision of the Magistrate Judge be and hereby are AFFIRMED (ECF Nos. 7, 20).  It is further ORDERED that Mr. Plourde's Amended Complaint be and hereby is DISMISSED without prejudice (ECF No. 10).

It is ORDERED that the Magistrate Judge's Order on the Motion for Leave to Amend Complaint be and hereby is AFFIRMED (ECF No. 24).

The Court DENIES Glen Plourde's Motion for Leave to Amend Complaint (ECF No. 27).

SO ORDERED.

/s/ John A. Woodcock, Jr.
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 12th day of November, 2020